**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

MARTIN ARMANDO PALOMARES-
GASTELUM, AKA Martin Apalomares
Gastelum,

                Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   19-73180

Agency No. A093-198-120

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023[**]
Phoenix, Arizona

Before IKUTA, BADE, and BRESS, Circuit Judges.

Martin Armando Palomares-Gastelum seeks review of an order from the

Board of Immigration Appeals (BIA) dismissing his appeal of a final order of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal issued by an Immigration Judge. We have jurisdiction to consider his legal challenge under 8 U.S.C. § 1252(a)(2)(D), and deny the petition for review.[1]

The BIA correctly determined that section 13-3407 of the Arizona Revised Statutes is divisible. *See Romero-Millan v. Garland*, 46 F.4th 1032, 1043 (9th Cir. 2022) (holding parallel statute divisible).[2] Because Palomares-Gastelum was convicted under section 13-3407 of an offense related to methamphetamine, a federally controlled substance, he is removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). The BIA therefore did not err in dismissing his appeal.

Palomares-Gastelum does not dispute that section 13-3407 is divisible according to the rule *Romero-Millan v. Garland* announced. Rather, he contends that its rule or that of the Arizona Supreme Court's decision requiring jury unanimity as to drug identity, *Romero-Millan v. Barr*, 507 P.3d 999 (Ariz. 2022) (analyzing parallel statute), should not be applied to his conviction. Because jury unanimity is a question of state law, *see Romero-Millan v. Garland*, 46 F.4th at 1044 n.7, we do not address whether the Arizona Supreme Court's decision applies

---

[1] Palomares-Gastelum's concurrently filed motion for stay of removal pending resolution of the petition for review is denied as moot.

[2] Although *Romero-Millan* was issued after the BIA's decision, we need not remand the case to the agency to consider its effect because there is "no doubt that the BIA would reach the same decision" regarding divisibility with the benefit of *Romero-Millan*. *Najmabadi v. Holder*, 597 F.3d 983, 991 (9th Cir. 2010).

only prospectively.[3]  Instead, we address only the effect of our decision in *Romero-Millan v. Garland*, which governs the federal issue of divisibility.

We may decide a rule will apply prospectively only "when we announce a new rule of law, as distinct from applying a new rule that we or the Supreme Court previously announced." *Nunez-Reyes v. Holder*, 646 F.3d 684, 691 (9th Cir. 2011).  Because *Romero-Millan v. Garland* did not announce a prospective rule, we are "not empowered to hold that the rule will only apply prospectively [in] the case now before us," *Flores-Lopez v. Holder*, 685 F.3d 857, 866 n.3 (9th Cir. 2012), and we do not reach the retroactivity analysis set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), which continues to govern the potential prospective application of the court's decisions, *see Nunez-Reyes*, 646 F.3d at 690–92.

Because *Romero-Millan v. Garland* did not set out a new constitutional rule of criminal procedure, *Teague v. Lane*, 489 U.S. 288, 310 (1989), and its progeny are not applicable.  Nor do the considerations described by *I.N.S. v. St. Cyr* provide an independent basis for the prospective application of a judicial decision.  533 U.S. 289, 321 (2001) (describing inquiry into retroactive application of a statute).

---

[3] We note that in general, "[a] judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 312–13 (1994).

On appeal, Palomares-Gastelum does not challenge the denial of his application for cancellation of removal, thereby forfeiting any such challenge. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013).

**PETITION DENIED.**